LEONARD DAY and others *vs.* MINNEAPOLIS MILL COMPANY, Defendant, and WILLIAM W. HAYWARD, Intervenor.

February 6, 1877.

Sufficiency of evidence to support findings considered.

Plaintiffs brought this action in the court of common pleas of Hennepin county, to recover the sum of $1,512.15, being the unpaid residue of $16,170, which last amount was the appraised value of the improvements made by plaintiffs on certain leasehold premises, which appraised value the mill company, defendant, had covenanted in the lease to pay. The ground of defendant's refusal to pay, as stated in the answer, was that the amount in question was properly payable to one William W. Hayward, as purchaser, at a mortgage sale, of an undivided half of the leasehold estate. Pursuant to Laws 1876, *c.* 50, Hayward obtained leave to intervene, setting up his claim to the money. The action was tried before *Young,* J., who ordered judgment for plaintiffs, which was entered, and the defendant and the intervenor severally appealed.

*Shaw & Levi*, for appellant the Mill Company.

*L. M. Stewart*, for appellant Hayward.

*D. A. Secombe*, for respondents.

GILFILLAN, C. J.[1] This action was originally commenced against the mill company alone, and after its commencement Hayward intervened by complaint, pursuant to the statute, claiming that he, and not the plaintiffs, is entitled to the money, to recover which the action is brought. The mill company does not deny its liability to pay the money, desiring apparently only a judgment which will protect it; and, as the judgment in the case will undoubtedly protect it against any further claim for the same money, it is really, although it has brought an appeal, no party to the controversy in this court. The controversy is solely between the plaintiff and Hayward, as to who is entitled to receive the money which the mill company is willing to pay.

The facts out of which the conflicting claims of the plaintiffs and the intervenor spring are these: On January 20, 1863, the mill company executed to one W. E. Jones a lease of a rectangular piece of the bed of the Mississippi river, being part of its dam and pond at Minneapolis, for a term to continue until May, 1, 1874, with the stipulation that, at the end of the term, the value of the annual rent for the ensuing five years, and also the value of the improvements erected by Jones, should be appraised, and that, within three days after receiving the award of the appraisers, the mill company might elect whether it would renew the lease for the further term of five years, at the appraised rent, or pay the appraised value of the improvements, and become the owner of them; and that, in case it elected to do the latter, it should make payment within ninety days, and "thereupon the said party of the second part (Jones) shall peaceably and quietly yield and surrender possession of the said demised premises, together with the improvements thereon, to the said party of the first part." This lease was duly recorded.

[1] Cornell, J., having been of counsel, did not sit in this case.

On October 1, 1872, Jones executed to Hayward, to secure the sum of $7,000, a mortgage upon "one-half of certain leasehold premises, more fully described in a certain indenture, (referring to the lease of January 20, 1863,) together with one-half of the mill fixtures and appurtenances, including one-half of the mill, and all powers, privileges, and appurtenances connected therewith." This mortgage was given in satisfaction or renewal of a prior mortgage upon an undivided half of the leasehold interest, executed October 1, 1869, to secure $6,000, by Jones and one Groff, and was duly recorded October 4, 1872.

On November 5, 1872, Jones assigned and transferred to plaintiffs said leasehold interest, and the saw-mill erected thereon, with mill fixtures, etc. In this conveyance to plaintiffs the mortgage to Hayward is mentioned as an encumbrance upon the property, but Jones agrees therein to pay the same.

On December 1, 1873, the mill company executed to plaintiffs a lease, to continue until December 1, 1875, of a rectangular piece of the bed of the river, with a stipulation that the company might, at its election, renew the lease for a further term of five years, or pay for and take the improvements erected by plaintiffs, at a valuation appraised as therein provided.

On December 3, 1875, Hayward duly foreclosed his mortgage, and bid in the premises at the sum of $1,475.72, and they have not been redeemed.

On January 19, 1876, appraisers selected by plaintiffs and the mill company in the preceding December made their award, appraising the yearly rental of the property mentioned in the second lease, and also appraising the value of the improvements thereon at $16,170.

And, on April 10, 1876, the mill company, having elected to pay for the improvements, paid plaintiffs $14,657.85, and retained, of the amount appraised, $1,512.15, on account of the claim made thereto by Hayward.

Under this state of facts the intervenor claims that the rule which subjects a new lease, taken by a tenant under an old lease, to the rights, legal or equitable, of a party entitled to the benefit and advantage of the old one, is applicable to the case.

Upon a careful examination of the case we do not find any evidence, either in the descriptions in the respective leases or otherwise, which indicates that the property described in the second is any part of that described in the first lease, although the court, in its findings, states such to be the fact. This being so, there is nothing to sustain the intervenor's claim; and, as his appeal is based on that claim, there is nothing to sustain the appeal.

Judgment affirmed.